

# UNITED STATES DISTRICT COURT

### Northern District of Illinois
### Eastern Division

**RECEIVED**

NOV 2 7 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case 1:19-cv-07856
Judge: Jorge L. Alonso
Magistrate Judge: Sunil R. Harjani

Avangelina V. Cazares
Josue J. Turcios

*Plaintiff(s)*

**-v-**

**Jay Robert Pritzker**, individually and in his official capacity as Governor
Constitutional Officer for The State of Illinois.
**Kwame Raoul**, individually and in his official capacity as Attorney General
Constitutional Officer for The State of Illinois.

The State of Illinois, Department of Children and Family Services, et al...
**Halema A. Townsend**, individually and in her official capacity as Child Protection
Specialist.
**Sharon Richardson**, individually and in her official capacity as Child Protection
Advanced Specialist.
**Charlotte Robinson**, individually and in her official capacity as Senior Public
Service Administrator.
**Marnita Martin-Harris**, individually and in her official capacity as Public Service
Administrator.
**David Ruano**, individually and in her official capacity as Child Protection
Specialist for The State of Illinois, Department of Children and Family Services.
**Erick G. Gonzalez**, individually and in her official capacity as Child Welfare
Specialist.
**Kimberly Burris**, individually and in her official capacity as Public Service
Administrator.
**Fayette Coleman-Gill**, individually and in her official capacity as Senior Public
Service Administrator.

The State of Illinois, Juvenile Justice and Child Protection Department of Cook
County, et al...
**Daniella Sailades**, individually and in her official capacity as Assistant States
Attorney.
**Macarre Timuward**, individually and in her official capacity as Assistant State's
Attorney.
**Kimberly M. Foxx**, individually and in her official capacity as State's Attorney.
**John L. Huff**, individually and in his official capacity as Associate Judge.
**Sarah B. Novy**, individually and in her official capacity as Guardian Ad Litem.
**Charles P. Golbert**, individually and in his official capacity as Public Guardian.

La Rabida Children's Hospital et al...
**Isamar Mendoza**, individually and in her official capacity as Clinical Licensed
Social Worker.
**Austra Murray**, individually and in her official capacity as Director of Integrated
Assessment.

Caritas et al...
**Steve Rosenthal**, individually and in his official capacity as CADC and CODP I.

Chicago Public Schools et al...
**La Shawnda Bishop**, individually and in her official capacity as school principal.

Passages Alternative Living Programs, INC et al...
**Gloria Johnson**, individually and in her official capacity as visitation transportation
specialist.

*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

1. This is a claim for violation of plaintiffs civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2. The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3. Plaintiffs full names are Avangelina Victoria Cazares and Josue Johnatan Turcios.

## I. THE PARTIES

### A. THE PLAINTIFF(S)

1. Avangelina V. Cazares, *714 W. 95th St, Chicago, IL 60628* (747) 777-3579

2. Josue J. Turcios, *714 W. 95th St, Chicago, IL 60628* (701) 561-0412

### B. THE DEFENDANT(S)

1. Jay Robert Pritzker, *100 W. Randolph, 16-100, Chicago IL 60601*

2. Kwame Raoul, *100 W. Randolph, Chicago, IL 60601*

3. Halema A. Townsend, *15115 Dixie Hwy, Harvey, IL 60426*

4. Sharon Richardson, *15115 Dixie Hwy, Harvey, IL 60426*

5. Charlotte Robinson, *15115 Dixie Hwy, Harvey, IL 60426*

6. Marnita Martin-Harris, *15115 Dixie Hwy, Harvey, IL 60426*

7. Ladrena Bobo, *15115 Dixie Hwy, Harvey, IL 60426*

8. David Ruano, *6201 S. Emerald, Chicago, IL 60621*

9. Erick G. Gonzalez, *6201 S. Emerald, Chicago, IL 60621*

10. Kimberly Burris, *6201 S. Emerald, Chicago, IL 60621*

11. Fayette Coleman-Gill, *6201 S. Emerald, Chicago, IL 60621*

12. Daniela Sailades, *1100 S. Hamilton 6th Floor, Chicago, IL 60612*

13. Macarre Timuward *1100 S. Hamilton 6th Floor, Chicago, IL 60612*

14. John L. Huff, *1100 S. Hamilton, Chicago, IL 60612*

15. Sarah B. Novy, *2245 W. Ogden Ave 4th Floor, Chicago, IL 60612*

16. Charles P. Golbert, *69 W Washington St., Ste. 700, Chicago, IL 60602*

17. Isamar Mendoza, *6501 S Promontory Dr, Chicago, IL 60649*

18. Austra Murray, *6501 S Promontory Dr, Chicago, IL 60649*

19. Steve Rosenthal, *1100 Hamilton Ave, Chicago, IL 60612*

20. La Shawnda Bishiop, *9351 S Lowe Ave, Chicago, IL 60620*

21. Gloria Johnson, *2929 S Wabash Ave #200, Chicago, IL 60616*


**4.**   The Defendant(s) are actors under color of law in their official capacity and also

responsible for their actions in their personal capacity.


**5.**   The events took place in Chicago Cook County, Illinois with respect to the Plaintiff's

Federal and State claims. The venue is proper for the local federal jurisdiction.


6.   Starting on or about May 1st, 2019 Defendant(s) commenced a series of actions to violate
Plaintiff's civil rights as follows *(Place X in each box that applies):*

☑   arrested or seized minors without probable cause to believe that plaintiff had
committed, was committing or was about to commit a crime;

☐   searched plaintiff or his property without a warrant and without reasonable cause;

☐   used excessive force upon plaintiff;

☐   failed to intervene to protect plaintiff from violation of plaintiff's civil rights by
one or more other defendants;

☐   failed to provide plaintiff with ADA accommodations;

☑   conspired together to violate one or more of plaintiff's civil rights;

☐   other epic failure; no state shall make or enforce any law which shall abridge the privileges
or immunities of citizens of the United States; nor shall any state deprive any person
of **life**, **liberty**, or **property**, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws.

7.    Defendant official acted pursuant to policies of defendant(s) State which policies are the
      following with some examples:

  •   Procedures 300; Halema Townsend, Sharon Richardson, Cherita Robinson and David
      Ruano failed to investigate the anonymous hotline call, removed the minors without
      probable cause and absent serious immediate harm. They threatened the abuse of the legal
      process because Avangelina refused to sign a voluntary placement agreement. Halemea
      Townsend indicated Avangelina and Josue for environmental injurious and environmental
      neglect absent inculpatory and exculpatory evidence. Shelter care placement is for
      homeless youth and the minors had a residential home and the Chicago Police Department
      officers verified that. Daniela Sailaides aided in conspiracy to initiate a petition and
      motion for temporary custody without probable cause, and articulate statutory evidence.
      The court documents list the minors residing at 5001 S. Michigan, however they did not
      live there. This is not limited to the violation of the policies upon further discovery.

  •   Procedures 301; Erick Gonzalez, Kimberly Burris, and Fayette Coleman Gill placed the
      minors without a consent form signed by the primary custodian Avangelina and Josue.
      They refused to place the minors with relative Elsa Cazares with a temporary
      guardianship agreement. Minors were placed without a voluntary placement agreement.
      This is not limited to the violation of the policy upon further discovery.

  •   Procedures 302; Halmea Townsend, Sharon Richardson, Cherita Robinson, Erick
      Gonzalez, Kimberly Burris, Fayette Coleman-Gill, did not make reasonable efforts to

provide Avangelina and Josue with voluntary and beneficial services. Example, Norman Services, housekeeping, and visitation transportation. This is not limited to the violation of the policies upon further discovery.

- Procedures 305; Erick Gonzalez, Kimberly Burris, Fayette Coleman-Gill did not create a service plan within 45 days. Examples of service planning are outlined in the policy and specifically require relevance to the the problems brought to the attention of DCFS. "Bruises" on A.T. were unfounded in 2018. "Domestic Violence" is not relevant to child abuse. There are no service plans that can realistically be implemented. Erick Gonzalez, Kimberly Burris fabricated an Integrated Assessment that has nothing to do with the indicated allegations. This is not limited to the violation of the policy upon further discovery.

- Procedures 306; Sharon Richardson, and Cherita Robinson failed to intervene with the unnecessary investigative services after Avangelina complained. Erick Gonzalez, Kimberly Burris, Fayette Coleman-Gill did not terminate services at the request of Avangelina and Josue.

- Procedures 308; Erick Gonzalez and Kimberly Burris failed to report the discrimination in the integrated assessment and occasioned it. The intake of the Integrated Assessment was completed by a service provider La Rabida Children's Hospital; Isamar Mendoza intake assessor and Director Austra Murray. When Avangelina spoke with Austra Murray she said the integrated assessment was not uploaded in the DCFS system prior to Erick Gonzalez and Kimberly Burris making recommendations, therefore she was unsure how the additional information was used to make recommendations for reunification services

and the post integrated assessment. Avangelina and Josue disputed the fabricated and discriminatory integrated assessment and Erick Gonzalez said he does not know who wrote the information in the integrated assessment. Erick Gonzalez failed to report the mental health discrimination alleged in the integrated assessments and in fact occasioned the discrimination. Example, Avangelina has a migraine disorder, Sjogren's Syndrome, and Fibromyalgia which causes anxiety due to the lack of medical treatment available. Avangelina had a black out due to an irregular migraine. Lexapro and Sumatriptain did not alleviate the migraines and Avangelina tried non invasive mindfulness therapy. The assessment discriminated against Avangelina's medical disabilities and made false statements that Avangelina consumes alcohol and blacks out. The assessment also states that Avangelina requires psychotropic medication and has psychological and psychiatric mental health issues. This is an example, and not limited to the overall fabricated assessment.

- Procedures 315; Erick Gonzalez, Kimberly Burris, Fayette Coleman-Gill did not make reasonable efforts to return the minors absent aggravating circumstances. They denied Avangelina visitation with the minors absent aggravating circumstances. They selected concurrent planning to deliberately coerce the parents to complete time-limited reunification services, however that goal is selected by the court after termination of parental rights. They are holding the minor's hostage unless Avangelina and Josue complete reunification services that are meant for parents whose rights have been terminated. This is not limited to the violation of the policy upon further discovery.

- Procedures 327; Marnita Harris signed a medical authorization form for the minors prior

to obtaining a temporary custody order and voluntary consent from Avangelina. Sara B. Novy the GAL purposefully delayed the adjudication hearing and labelled Josue as a putative father, however Illinois law presumes the biological father is a legal father is he signed the birth certificate.

- Procedures 330; Avangelina obtained an emergency custody order on May 2nd, 2019 which suspended German Tello's parental rights until the domestic relations custody proceeding which is now on hold until the DCFS case is resolved. The minors were initially placed with the family of German Tello, however the court order temporarily suspended his parental rights due to the family dynamic. C.T. is also not related to German Tello so to place the minor with strangers is detrimental to her welfare.

- Procedures 351; Erick Gonzalez, Kimberly Burris and Fayette Coleman-Gill obtained Title IV-E foster care payments and Title XIX Medicaid coverage for the minors which requires the minors must have been removed from the home of a specified relative as a result of a court action resulting in findings of contrary to the welfare, reasonable efforts to prevent placement, and placement and care. Reasonable efforts are required unless the parents were convicted of a crime of child abuse. There was not a placement hearing and minors cannot be placed unless there is clear and convincing evidence of child abuse. Judge John L. Huff aided in conspiracy to obtain a temporary custody order even though the requirements of the policy and statutory requirement were not met.

- Procedures 431; Erick Gonzalez released personal information to the referred service providers without the consent of Avangelina and Josue. Erick Gonzalez also requested from Avangelina and Josue's their medical and mental health records, however they did

not sign a consent form. Erick Gonzalez requested those records in court to bypass the

consent for release of information. Sara B. Novy and Judge John L. Huff occasioned the

request for Avangelina's medical records and conspired to obtain an order to release those

records.

- Administrative Procedure 21; The Constitutional Officer Governor Jay Robert Pritzker

  received an affidavit from Avangelina alleging infringement of Constitutional rights. The

  Governor did not intervene to address the concerning DCFS service delivery of the

  removal of the minors. If the Governor had delegated an intervention the Advocacy office

  would have ensured a resolution.

8. Plaintiff was charged with one or more crimes, specifically: No charges or arrests of child
   abuse or neglect, therefore minors should not have been removed.

9. *(Place an X in the box that applies. If none applies, you may describe the child
   protection proceedings under "Other")* The child protection proceedings

   ☑ are still pending.

   ☐ were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.

   ☑ Plaintiff was found indicated by DCFS of one or more charges because defendant(s)

   deprived me of a fair trial as follows
   ☐ other

10. Plaintiffs further alleges as follows:

COUNT 1

April 30th, Halema Townsend CPI, visited the home and Avangelina initiated a police call to supervise the interactions.

Halema Townsend reacted and took two photos the living room which depicted some laundry folded and a newer mattress

in the living room ready to be donated. The CPI was in the home for approximately 7 minutes and did not thoroughly

conduct an investigation. The CPI was only concerned with allegations derived from subjective abstractions not

allegations based on a legal cause of action. Chicago Police Department felt the present circumstance did not rise to the level of an emergency. CPD confirmed the minors were not homeless and the minors had beds, computers, newer appliances, food, and working utilities. Police issued a report for damage to property when CPI slammed the door when Avangelina called CPD. Police body camera footage would reveal this incident.

## COUNT 2

May 1st, The minors P.T. and A.T. did not walk home from school located 1 block from their primary residence. Avangelina spoke to the CPS Kipling elementary principal LaShawnda Bishiop who said Halema Townsend claimed she could not get a hold of Avangelina and it was an emergency. The minors were taken to the grandparent's home without any explanation. She said she could not get involved with the State of Illinois. LaShawnda Bishiop released the minors to Halema Townsend without a court order or consent from Avangelina Cazares the primary guardian of the minors.

## COUNT 3

May 1st, Halema Townsend CPI, requested supervisory and managerial approval to remove A.T. and P.T. from the school to place them with the paternal grandparents without a voluntary consent form signed by Avangelina the biological mother and primary custodian of the minors.

## COUNT 4

May 1st, Unknown male CPI worker came to the home and demanded Avangelina release C.T. to DCFS. Avangelina knew the current DCFS involvement was illegal because her parents were both caseworkers and investigators for Catholic Charities in the past. Children are removed and reunification services are provided to incarcerated parents who were convicted of a child abuse crime. Avangelina told the CPI worker in front of the police this was fraud and CPI refused to release his name to Avangelina. CPI pointed out a pimple scab on Avangelina's nose and alleged she had a bruise from domestic violence. Threatened Avangelina that a Juvenile warrant would be obtained. Police body camera footage would reveal this incident.

## COUNT 5

May 1st, Avangelina, Josue, and C.T. went to the hospital to obtain a medical clearance from Illinois Masonic Advocate which only indicated Avangelina had a crusty scab on her nose and C.T had a mild leg rash. There was no evidence of child abuse or spousal abuse.

**COUNT 6**

May 2nd, Avangelina obtained an emergency order to have the grandparents release the minors to back into her care and obtained police assistance, however the grandparents thought DCFS gave them custody. David Ruano CPI came to the home and said he will retake protective custody and violated a court order requiring the grandparents to not have custody of the minors.

**COUNT 7**

May 2nd, Avangelina checked her inbox and found an email that was sent around 5pm for a shelter care hearing the following day at 9am regarding P.T. and A.T. The Plaintiff's were not given advanced notice of a summons along with a petition to disclose the true nature of the proceedings.

**COUNT 8**

May 2nd, David Ruano followed Avangelina home and called the police to her home and demanded C.T. or he would obtain a warrant for the minor. He was criminal trespassing on property and abusing the legal process.

**COUNT 9**

May 2nd, Marnita Harris Guardianship Agent falsified a medical consent form for P.T. and A.T. and signed that she was authorized to consent for medical treatment for the minors prior to a Temporary Custody Hearing. Furthermore, Avangelina did not sign a voluntary placement agreement for any of the minors.

**COUNT 10**

May 3rd, Halema Townsend CPI, submitted an affidavit to obtain a petition and warrant. The Petition CCJP 0631 form was not used; however, a customized Petition was presented to claim the minors were residing at the Shelter Hub for homeless youth a corporate partnership with Aunt Martha's, Compass Group USA, Alden Morrow and DCFS. The affidavit was not based on the CPI's personal knowledge of child abuse rather was obtained via the transcript of the anonymous hotline call. This information was not known to Avangelina until later when the documents were discovered because Halema Townsend only said the case would be screened in without any details.

**COUNT 11**

May 3rd, Halema Townsend told Avangelina that Josue needed to bring C.T. to the hearing and be present, however Avangelina nor Josue were ever provided any documentation regarding C.T. Furthermore, Avangelina and Josue were

never summoned to come to court or personally provided a copy of the complaint to have an understanding of the legal proceedings. Daniella Sailaides commenced a civil action in Cook County to adjudicate the minors in protective custody as wards of the State of Illinois. DCFS is required to enter into a voluntary placement agreement to place minors in substitute care, and make reasonable efforts prior to proposing a voluntary placement agreement, however Avangelina and Josue did not sign.

**COUNT 12**

May 3rd, Halema Townsend said she had to leave town because her mother was sick, therefore could not be present for the temporary custody hearing for the minors P.T. and A.T. There was only time for the temporary custody hearing regarding C.T. even though Josue and C.T. were not present in court.

**COUNT 13**

May 3rd, an unknown State's Attorney assistant who was not on the docket said there is enough hearsay evidence that Josue poses a mental health risk to C.T. and she may not be able to defend herself therefore, protective custody should be taken. The warrant said to take C.T. to the DCFS Emergency Reception Center at 5001 S. Michigan Ave Chicago, IL 60615 which simultaneously serves as Aunt Marthas Homeless Shelter Hub. All minors are legally illegitimate children and not conceived from marriage, however both fathers signed the birth certificates. The Guardian Ad Litem Sara Bree Novy requested DNA testing for C.T. but not P.T. and A.T. because C.T. cannot be determined to look like Josue. The only Guardian Ad Litem listed on the docket is Charles Golbert, but never present in court. Charles Golbert failed to intervene and supervise the case.

**COUNT 14**

May 3rd, David Ruano picked up C.T. from her home and traumatized the baby by removing her from the environment. David Ruano was negligent for placing her in a car seat not suitable for her age, weight and height. David Ruano took C.T. for a medical clearance at Aunt Martha's Roseland Community Hospital. C.T. already had a medical clearance, however David Ruano still took her to this location. After midnight C.T. was taken to her sibling's relative home.

*Wellbeing checks were requested by Avangelina for the 1st week to determine if the minors were residing in Chicago and not at the Shelter Hub at 5001 S. Michigan Ave. CPD confirmed the minors were not at the Shelter. CPD made approximately six visits to temporary placement after a series of phone tag with CPD. The DCFS public administrators

handling the case did not like the questioning of the fraudulent placement concerns.

**COUNT 15**

May 10th, The Temporary Custody hearing was continued because Halema Townsend was not present. Avangelina and Josue observed C.T. with bruises on her arm, severe rash, and lethargic. C.T. These observations were reported to DCFS, and the hotline call suggested C.T. may have been in contact with toxins. It was later found the environment situated in the basement had lead exposure so minors were relocated. Erick G. Gonzalez continued to harass Avangelina and blame her for his failure and defiance to obey her parental orders.

**COUNT 16**

May 13th, Avangelina spoke with DCFS placement caseworker Erick G. Gonzalez regarding the placement of the minors and requested the minors be placed with Elsa Cazares who is the aunt to all three minors. Erick G. Gonzalez said reunification services are required to correct the conditions which the children were removed without giving specific details why the minors were removed. The children were removed from their current school during their NWEA testing and daily visitation with C.T. was arranged an hour away from the home. Avangelina requested transportation to visits due to migraines and medical limitations, however Erick. G. Gonzalez told Avangelina to take the bus and demanded her medical records. Legal car seat arrangements were also discussed because C.T. was seen in a front facing car seat which is illegal for her age, height and weight.

**COUNT 17**

May 17th, Avangelina entered into a temporary guardianship agreement with Elsa Cazares, however Erick G. Gonzalez refused to place the minors at 10442 Brookridge Creek Drive Frankfort, IL. Erick G. Gonzalez was only concerned if the DCFS guardianship form was used and invalidated our private agreement. Avangelina advised this placement would be conducive for the minors and visitation scheduling. Later, Erick G. Gonzalez said that Elsa Cazares was not capable of establishing boundaries for visitation with Avangelina therefore couldn't place the minors with Elsa Cazares who is fully capable of caring for the minors and willing to adopt them if necessary. This private arrangement would terminate DCFS's agenda for federal funding therefore Erick G. Gonzalez refused to place the minors with Elsa Cazares and made up frivolous excuses even though he agreed there was nothing wrong with the home or people residing there. The following month, Avangelina and Elsa went to Will County probate court for permanent guardianship, however due to the DCFS

involvement the court decided to reopen the case later if DCFS refuses to return the kids to Avangelina. It was in the best interests that DCFS return the kids to their biological mother prior to seeking formal guardianship. Avangelina consented to adoption of the minors to Elsa Cazares before Judge Allen in the event Avangelina is unable to care for the minors.

**COUNT 18**

May 20th, Josue changed C.T. and Avangelina noticed a blistering rash with bumps which continued for months. Avangelina was concerned for neglect or possibly sexual abuse but did not know the reasons for the rash. Avangelina took photos of the rash for medical documentation due to the fact that prior bruises observed on C.T. were denied by Erick G. Gonzalez even though photo evidence was obtained.

**COUNT 19**

May 31st, Erick G. Gonzalez temporarily placed the minors with the aunt of P.T. and A.T. whom is not related to C.T. The address was obtained through prior family relationships. The children were later placed a third time with now with complete strangers in foster care. The minors are placed with Josefina Colon and Rigoberto Cruz in Streamwood, IL.

**COUNT 20**

June 6th, Avangelina emailed DCFS Advocacy and U.S. Health and Human Services regarding the illegal removal of the minors and systemic unauthorized use of federal funding. In the 1996's Acting Director Daniel Levinson audited The State of Illinois DCFS DAB No.1564 because several court orders did not document reasonable efforts and minors were removed without aggravating circumstances. The Juvenile Court Act of 1987 removed children under The *Adoption Assistance and Child Welfare Act of 1980, P.L 96-272* which requires all Temporary Custody Orders document specificities of reasonable efforts. Furthermore, minors are to be placed in a licensed shelter care facility or licensed child welfare agency otherwise the court shall release the minors from custody. The minors were never placed in Shelter Care therefore should be released from the State's custody. Erick Gonzalez, Kimberly Burris, and Fayette Coleman-Gill are refusing to return the minors to Avangelina Cazares despite the lack of reasonable efforts, lack of criminal child abuse or any child abuse and lack of voluntary placement plan signed by Avangelina.

**COUNT 21**

June 7th, Erick G. Gonzalez fraudulently requested Psychological Evaluation, Individual Therapy, JCAP and Substance Abuse Services with Title-IVE government contractors for all of the parents. DCFS does not pay for these services.

Furthermore, these services are on Title AODA waivers and require an indicated finding.

Case: 1:19-cv-07856 Document #: 1 Filed: 11/27/19 Page 14 of 20 PageID #:14

**COUNT 22**

June 12th, Avangelina contacted the DCFS Advocacy office pertaining to discrimination. Erick G. Gonzalez had failed to provide Avangelina with services she requested that are provided to persons without medical limitations. Those services are a reasonable efforts requirement to obtain federal funding, however such services are fully paid for by DCFS and not federally funded.

**COUNT 23**

June 29th, The investigation was completed and indicated for allegation environmental neglect and environmental injurious, however there was no inculpatory or exculpatory evidence documented. DCFS cannot have concurrent jurisdiction when the Child Protection Division has jurisdiction. The child protection case for the minors commenced on May 3rd, absent a completed investigation and indicated finding. In fact, there was never an interview the minors were just removed and the application of the law was grossly misrepresented by all the Defendants.

**COUNT 24**

July 3rd, Avangelina contacted the DCFS Advocacy office regarding Norman funds because those services were not offered. The DCFS flyer found on the internet advertised cash payment assistance and housing assistance. DCFS violated the Norman Consent Decree which requires services such as cash assistance and domestic violence shelter for the minors and adults if necessary.

**COUNT 25**

July 15th, Sara B. Novy requested an order for all of Avangelina's mental health and medical records, however there is no Illinois statute that legally authorizes such request and the GAL represents the minors not Avangelina. John Huff entertained this request and issued an order to unreasonably search Avangelina's medical records. Charles P. Golbert did nothing to intervene. John Huff was merely acting like a lawyer and not a judge as he was requesting medical documents to be reviewed in his chambers outside of the hearing.

**COUNT 26**

August 9th, Erick G. Gonzalez suspended Avangelina's visitation based on a Critical Decision from a completed Integrated Assessment that recommended Avangelina complete indefinite reunification services for substance abuse, mental health,

and parenting classes. Erick G. Gonzalez anticipated the IA completion the following week so he felt he could terminate visitation to manipulate Avangelina to do services under false justification regarding foster care placement. Later that evening Avangelina spoke with Austra Murray Director of Integrated Assessment at La Rabida Hospital who told her that the Integrated Assessment was not completed and not uploaded into the DCFS system and Erick G. Gonzalez had not seen the Integrated Assessment. Austra told Avangelina that the IA is only a social assessment not used for legal action or critical decision making.

## COUNT 27

August 15th, DCFS Integrated Assessment was completed and Erick G. Gonzalez told Josue that if DCFS were involved again he would not get C.T. back. The Integrated Assessments were frivolous and not based on criminal convictions regarding child abuse as defined by law. Even more disturbing is the Integrated Assessment edited by DCFS accused Avangelina's mental health status as disoriented thoughts due to her complaints regarding the illegal DCFS involvement. DCFS is recommending that Avangelina take psychotropic medications without any medical knowledge of Avangelina's history. The entire IA is fabricated to make Avangelina appear to be an unfit parent and false allegations of alcohol misuse, inducing a rash for C.T. etc…Antidepressants are used to treat symptoms of migraines both Lexapro and Sumatriptan which are similarly structured not indicative a severe mental health disorder. The only part of the IA assessment that was correct was anxiety due to the PTSD Legal Abuse Syndrome Avangelina developed since the onset of the DCFS involvement. Whomever wrote these recommendations are not licensed to make such recommendations especially medical treatment. The IA is another tool DCFS is using in an attempt to justify concurrent planning, reunification services, and foster care placement through Federal Law "Promoting Safe and Stable Families" and "Title IVE". The federal law specifically states services are for incarcerated parents so not matter how bad DCFS is attempting to make Avangelina appear the agency is still not eligible for federal funding. The decisions regarding placement and visitation were made by Erick G. Gonzalez, Supervisor Kimberly Burris, and Area Administrator Fayette Coleman-Gill. The Integrated Assessment and Service Plan was not completed within 45-days mandated for federal funding and for the best interests of the minors.

## COUNT 28

The executive office was notified of the violation of constitutional rights and failed to intervene and correct the

conditions and contact the Plaintiff's regarding the constituent affairs. Kwame Raoul and Jay Robert Pritzker both received an affidavit documenting the violation of my rights. The governor's office also received at least two telephone calls that led to an open case file to investigate the DCFS matter, however no action was forwarded to the advocacy office for intervention or direct executive authority. Kim Foxx was also sent the affidavit and is aware of the violation of constitutional rights and has yet to withdraw the case from the Child Protection division because of the conspiracy to extract federal funding and illegally kidnap Avangelina Cazare's minors.

## COUNT 29

Ladrena Bobo aided and abetted to indicate the Plaintiff's despite the lack of inculpatory and exculpatory evidence listed in the investigative file. There was also no fair trial, hearing, finding of abuse, only an indication without an interview of either of the adults.

## COUNT 30

John L. Huff denied the Habeas Corpus filed and pursuant to state law the petitioner Avangelina Cazares is entitled to relief in a civil action.

## COUNT 31

John L. Huff falsified the temporary custody orders and alleged DCFS had prior services with the family in the past and then later alleged that the Plaintiff's committed a crime of child abuse. John L. Huff also obstructed justice by denying the Plaintiff's a trial within 90 days defined by Federal and State law. John L. Huff held several administrative hearings off the record without the Plaintiff's present and/or notified. His behavior has been ultra vires to the judicial system and unjust to the Plaintiff's by acting beyond the powers of authority within the context of the Constitution, Federal and State laws.

## COUNT 32

Daniela Sailades submitted a falsified petition for adjudication of wardship alleging the minors lived at 5001 S. Michigan Ave and needed homeless shelter care when the minors P.T. and A.T. were never placed there. Daniela Sailades is also guilty of malicious prosecution on behalf of the Department of Children and Family Services. The affidavit and documentation of allegations do not state any legal child abuse claim.

## COUNT 33

Mary requested Josue's medical records however there is no Illinois statute or legal grounds for such request. Macarre Timuward requested Josue Turcios's medical records and falsified the subpoena by indicating that Avangelina Cazares was the minor in relation to Josue Turcios.

## COUNT 34

Steve Rosenthal interviewed Josue Turcios for a JCAP assessment and falsified the document alleging that Josue told him he had a drinking problem because he is married and that Josue said he is concerned about Avangelina's drinking. These statements are not true and were fabricated by Steve to make Josue appear to have a substance abuse disorder when the clinic verified he did not. Steve and Erick Gonzalez conspired together to coerce Josue and Avangelina to attend substance abuse counseling even though they do not need it.

## COUNT 35

Gloria Johnson made up false allegations that Avangelina Cazares may have intentionally induced a diaper rash on C.T. in retaliation shortly following a few days after Avangelina had to call the police on Gloria Johnson for not placing C.T. in the proper car seat despite given weeks notice in advance. Gloria Johnson argued several times in front of C.T. inappropriately and ruined the visitation on several occasions. Gloria Johnson interfered with Avangelina and Josue's parental rights at visitation when Josue video conferenced to C.T. a video chat with Avangelina. Erick Gonzalez retaliated against Avangelina and told her she could not see her children via a video conference even though she has a visitation order. Erick Gonzalez also threatened to terminate Josue's visitation if he initiated any video, photo, or text message from Avangelina to C.T. during visitation. Gloria and Erick conspire together to sabotage visitation. Gloria Johnson also harassed Avangelina for her medical disability.

## COUNT 36

The motivation for removing the minors is racially targeting because the documentation written by Halema Townsend alleges that the Plaintiff's claimed that they said they blame their aggression on their Irish genetics. Halema Townsend never interviewed the Plaintiff's, therefore these statements are fabricated and racially profiled.

## COUNT 37

Erick Gonzalez refused to provide medical accommodations for Avangelina Cazares in accordance with the ADA regarding child welfare services.

**COUNT 38**

Isamar Mendoza is not licensed to practice medicine, however made a recommendation for psychiatry services for Avangelina Cazares and a mental health evaluation for Josue Turcios based off generalizations. Isamar Mendoza also released the Integrated Assessments without a consent form obtained by the Plaintiff's signature authorizing The Department of Children and Family Services to have the documentation.

11.   Defendant(s) acted knowingly, intentionally, willfully and maliciously.

    A.   As a result of defendant's conduct, plaintiff was injured as follows: emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by defendant;

12.   Plaintiff asks that the case be tried by a jury. ☒Yes ☐No

13.   Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint.

    **WHEREFORE,** plaintiff asks for the following relief:

    B.   Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by defendant(s);

    C.   ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages against the individual defendant; and

    D.   Such injunctive, declaratory, or other relief as may be appropriate, including

attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiffs signature: _____

Plaintiffs name: Avangelina Cazares

Plaintiffs mailing address: 714 W. 95th Street

City: Chicago                State: IL                ZIP: 60628

Plaintiffs telephone number: (747) 777-3579

Plaintiffs email address: avangelinavictoria@outlook.com

Plaintiff has previously filed a case in this district. ☑ Yes ☐ No

Plaintiffs signature: _____

Plaintiffs name: Josue J. Turcios

Plaintiffs mailing address: 714 W. 95th Street

City: Chicago                State: IL                ZIP: 60628

Plaintiffs telephone number: (701) 561-0412

Plaintiffs email address: josueturcios171@gmail.com

Plaintiff has previously filed a case in this district. ☐ Yes ☐ No

## II.    CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this filing: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable  opportunity for further investigation or discovery; and (4) the filing otherwise complies with the requirements of Rule 11.

### A.    FOR PARTIES WITHOUT AN ATTORNEY

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/27/2019

Signature of Plaintiff

Printed Name of Plaintiff    Arangelina Cazares

Date of signing: 11/27/2019

Signature of Plaintiff

Printed Name of Plaintiff    Josue J Turcios